1

2

3

RYAN RAPP
PACHECO
SORENSEN PLC

3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012
(602) 280-1000 (602) 265-1495 Fax
Christopher T. Rapp, AZ State Bar No. 013374
Email: ctrapp@rrpklaw.com
Andrew C. Pacheco, AZ State Bar No. 018015
Email: apacheco@rrpklaw.com
Lesli M. H. Sorensen, AZ State Bar No. 025770
Email: lsorensen@rrpklaw.com
*Attorneys for Defendant William Long*

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

9

10

11

12

13

| Keisha Acton; et al., | Case No. 2:21-cv-01226-SMB-MTM |
| | **LEAD CASE** |
| Plaintiffs, | |
| | **CONSOLIDATED WITH:** |
| vs. | 2:21-cv-01757-DWL-CDB |
| | |
| Estate of Allister Adel; et al., | **DEFENDANT WILLIAM LONG'S** |
| | **MOTION FOR JUDGMENT ON THE** |
| Defendants. | **PLEADINGS** |

14

15

16

Pursuant to Rule 12(c), Fed.R.Civ.P., Defendant William Long ("Long") moves the Court for Judgment on the Pleadings[1]. Long's Motion is supported by the following Memorandum of Points and Authorities.

17

**MEMORANDUM OF POINTS AND AUTHORITIES**

18

19

20

The Third Amended Complaint ("TAC") (Doc. 329) is devoid of any specific allegations that Long acted in a manner that could sustain Plaintiffs' 42 U.S.C. § 1983 claims or their claims of conspiracy under 42 U.S.C. § 1985(3). On May 20, 2024, the Court entered

21

22

[1] Pursuant to Local Rule 12.1(c), undersigned counsel certifies the parties met and conferred before this filing and the parties were unable to agree that the pleading was curable in any part by a permissible amendment.

an Order dismissing Defendant Kurtenbach from all Claims, holding that the allegations against Kurtenbach were too conclusory or only based upon information and belief, therefore failing to meet the *Iqbal/Twombly* plausibility pleading standard. (Doc. 414) The allegations against Long in the TAC are of a similar nature as those pled against Kurtenbach; Long is either lumped into categories of defendants or the allegations against him are made upon information and belief. For the reasons set forth in the Court's May 20, 2024 Order (Doc. 414), Long should similarly be dismissed.

### I.    **Factual Background**

This case stems from Plaintiffs' arrests and prosecutions resulting from their participation in protests that took place in the summer and fall of 2020. (*See* Doc. 329 ¶¶ 327-424, 443) Plaintiffs filed their TAC on September 20, 2023 (Doc. 329) alleging four[2] claims against Long. For the reasons set forth below, the Court should dismiss all of Plaintiffs' claims against Long.

#### a.   *Claims for Relief Alleged Against Long*

Plaintiffs allege the following four claims against Long: (1) Violation of First Amendment Rights (Second Claim for Relief) based upon "surveilling, identifying, targeting, arresting, and utilizing false and fabricated evidence to maliciously prosecute prominent, high-profile, and particularly active protestors and organizers;" (2) Violation of Fourth Amendment Rights, specifically Malicious Prosecution (Fourth Claim for Relief), based upon the use of similar probable cause statements and the creation of allegedly false evidence; (3) Violation of Fourteenth Amendment Rights, specifically Due Process (Seventh

---

[2] The Parties stipulated to dismiss the Ninth Claim for Relief. (Doc. 433)

Claim for Relief), based upon a fabrication of evidence to the grand jury; and, (4) Violation of 42 U.S.C. § 1983 Conspiracy to violate the First and Fourteenth Amendment Rights of Plaintiffs (Eighth Claim for Relief). Each of these claims fails as to Long.

### b. _Plaintiffs' Claims Against Long Lack Factual Support_

Of the 873 paragraphs in the TAC Plaintiffs rely upon to support the above four claims, Long's name only appears in 40 of 873 paragraphs[3]. (Doc. 329 ¶¶ 19, 28, 37, 46, 56, 66, 70, 75, 84, 93, 105, 115, 124, 133, 142, 163, 172, 181, 196, 205, 214, 224, 233, 237, 242, 252, 254, 295, 350, 379, 551, 641, 649, 664d, 684, 687, 695, 706(a), 708, 713d)

Of these 40 paragraphs, 24 are nearly identical, conclusory, and merely lump Long in with seven other defendants stating: "Along with Defendants Sponsel and Michaud, MCAO Defendants Adel, Vick, Van Dorn, Long, Leckrone, and Goddard knowingly authorized, acquiesced in, and ratified Plaintiff [insert name of Plaintiff]'s malicious prosecution, pursuant to the conspiracy between PPD and MCAO." (Doc. 329 ¶¶ 19, 28, 37, 46, 56, 66, 75, 84, 93, 105, 115, 124, 133, 142, 163, 172, 181, 196, 205, 214, 224, 233, 237, 242) The Court already ruled that the allegations contained in these paragraphs are too vague and conclusory to state a claim. (Doc. 414 at 49:4-25)

Paragraph 70 lumps Long in with nine other Defendants (and potentially additional individuals) alleging, _upon information and belief_, that he, along with the 9+ other Defendants, pre-coordinated an arrest of Plaintiff Franks.

Paragraphs 252, 254, 295, 641, 695, contain no facts and simply introduce Long as a Defendant (again lumping him together with every other Maricopa County Defendant) and

---

[3] Long's name appears alone in only one paragraph. (Doc. 329 ¶ 641)

identify him as a supervisory employee alleging he has "supervisory liability" for the actions of the Maricopa County Attorney's Office ("MCAO") employees he supervised. To be clear, at no point in the 150-page TAC do Plaintiffs identify a single person Long supervised.

Paragraph 350 alleges, *upon information and belief*, the Homeland Defense Bureau ("HDB") monitored social media activity and shared it with MCAO (identifying, *upon information and belief*, Van Dorn, Long, and Sponsel).

Paragraph 379 alleges, *upon information and belief*, that HDB coordinated with TRU and MCAO (including Van Dorn, Long, and Sponsel) regarding surveillance of Plaintiff Franks.

Paragraph 551 alleges that during a text conversation between Mr. Debus and Sponsel, Sponsel responded to Mr. Debus claiming everyone in her chain of command knew of a plan to charge protestors as a gang. The paragraph identifies most of the MCAO Defendants, including Long, as Sponsel's chain of command. Plaintiffs fail to support the allegations in this paragraph with an exhibit showing the actual text thread. Long was never in Sponsel's chain of command.

Paragraphs 649, 684, and 706(a) allege that (in some instances upon information and belief) Van Dorn, Long, Martin and Sponsel provided investigatory assistance without identifying what, specifically, they did.

Paragraphs 664d and 713d are nearly identical paragraphs lumping Long in with Van Dorn and Sponsel claiming that they coordinated with Defendants Korus, Knueppel, Lee, and Moore to unlawfully surveil and target, through social media, Plaintiffs Christian, Tice, and Ivy for arrest prior to any protest. Plaintiffs never allege how, specifically, Long

surveilled or targeted anyone.

Paragraph 687 alleges, *upon information and belief*, that Long, Van Dorn, and Sponsel "helped guide PPD officers in their investigations of the targeted protestors" without identifying which officers were "guided," how they were "guided," and who was targeted (other than BLM leaders).

Paragraph 708 merely alleges that Long is not entitled to absolute immunity because he was *not* a prosecutor and was merely an investigator performing non-prosecutorial functions. (Doc. 329) (emphasis in original)

c. *"Individual MCAO Defendants"*

Plaintiffs identify a group of eight (down from twelve in the Second Amended Complaint) Defendants as "Individual MCAO Defendants," and include Long in this group. (Doc. 329 ¶ 254) The term "Individual MCAO Defendants" appears in 38 paragraphs in the TAC and is used to make conclusory allegations against eight of the remaining Defendants without specifying which Defendant allegedly performed what action against which Plaintiff. (Doc. 329 ¶¶ 254, 255, 256, 269, 270, 271, 426, 473, 683, 691, 692, 693, 706, 709, 715, 725, 731, 732, 733, 735, 736, 737, 738, 739, 741, 745, 778, 780, 782, 784, 786, 787, 799, 811, 817, 828, 840, 846) Plaintiffs' effort to group all Defendants into various categories and to make sweeping conclusory allegations against the entire category (without having any specific allegations against specific Defendants to support the conclusory allegations) is not sufficient to state a claim against Long (or really any defendant) in an individual or supervisory capacity.

///

### d.  *"MCAO Supervisory Defendants"*

Long is also lumped into the category of "MCAO Supervisory Defendants." Plaintiffs identify a group of six Defendants, including Long, that they identify as "MCAO Supervisory Defendants." The term "MCAO Supervisory Defendants" appears in four paragraphs in the TAC and is used to make conclusory allegations against the six identified Defendants <u>without specifying</u> which Defendant performed what action against which Plaintiff. (Doc. 329 ¶¶ 695, 698, 699, 700) Plaintiffs allege, without any specific facts to support the conclusory allegations, that *all* of the "MCAO Supervisory Defendants" directed subordinates[4] to target, arrest, and prosecute individuals exercising their First Amendment Rights. (Doc. 329 ¶¶ 696) Plaintiffs not only fail to identify a single person Long supervised, they also failed to plead that he was a policy maker. Simply put, Plaintiffs allege no facts to sustain a cause of action against Long in a supervisory capacity.

### e.  *No Plaintiff Alleges Specific Conduct by Long Against Any Specific Plaintiff*

Not one of the paragraphs identifying Long identifies a single Plaintiff alleging any specific action performed by Long that affected him/her/them. Rather, Plaintiffs lump Long in with various groups of other defendants and ask the Court to assume that Long's actions affected each individual Plaintiff. This is simply lazy and improper pleading.

## II.    **Legal Analysis**

Rule 12(c), Fed.R.Civ.P., provides that after the pleadings are closed, but early enough not to delay trial, Long may move for a judgment on the pleadings. The purpose of a

---

[4] Plaintiffs fail to identify a single person Long supervised. Plaintiffs do identify an MCAO investigator named Martin but it is clear from the TAC that Martin was directed by someone other than Long. (Doc. 329 ¶¶ 437, 504, 530, 796, 810, 825, 839)

1   motion for judgment on the pleadings is to challenge the sufficiency of Plaintiffs' TAC. *See*

2   *Westlands Water Dist. V. Bureau of Reclamation,* 805 F.Supp. 1503 (E.D. Cal. 1992). To

3   succeed, Long must "clearly establish[] on the face of the pleadings that no material issue of

4   fact remains to be resolved and that [Long] is entitled to judgment as a matter of law." *Hal*

5   *Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1989). "A

6   12(c) motion is functionally identical to a Rule 12(b)(6) motion to dismiss for failure to state

7   a claim, and the same legal standard applies to both motions." *Affiliated FM Ins. Co. v. Hill*

8   *Phoenix Inc.,* 2023 WL 244494, *1, No. CV-22-00450-PHX-JJT (D.Ariz. Jan. 18, 2023)

9   (citing *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989)).

10          a.   <u>Pleading Standard</u>

11          While the Court must "accept as true all well-pled allegations of material fact and

12   construe them in the light most favorable" to the Plaintiffs, *Isabel v. Reagan,* 987 F.3d 1220,

13   1226 (9th Cir. 2021), the Court is not required to accept as true legal conclusions. *Ashcroft v.*

14   *Iqbal,* 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his

15   entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation

16   of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

17   555 (2007) (internal quotations omitted). The Court cannot assume that Plaintiffs "can prove

18   facts that [they have] not alleged or that the defendants have violated the . . . law[] in ways

19   that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of*

20   *Carpenters,* 459 U.S. 519, 526 (1983). The Complaint is not sufficient if it merely makes

21   "naked assertion[s]" devoid of "further factual enhancement." *Twombly,* 550 U.S. at 557; *see*

22   *also, Iqbal,* 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678. The *Iqbal/Twombly* plausibility standard requires more than a "sheer possibility that a defendant acted unlawfully." *Iqbal,* 556 U.S. at 678. "In the absence of *specific* factual allegations that a named defendant *personally* and *actively* participated in the deprivation of a constitutional right, . . . and where there are other 'more likely' explanations for the defendant's actions, a claim may be dismissed pursuant to *Twombly*." *Waln v. Dysart Sch. Dist.,* 522 F. Supp. 3d 560, 584 (D. Ariz. 2021) (internal citations omitted) (emphasis added). Determining whether a complaint states a plausible claim for relief is a context-specific inquiry "that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

i.    <u>The TAC Fails the *Iqbal/Twombly* Pleading Standard</u>

"In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim." (Doc. 414 at 36:22-25) (quoting *Talk Radio Network Ent's v. Cumulus Media Inc.,* 271 F.Supp.3d 1195, 1207 (D. Or. 2017) (internal quotation marks and citations omitted)).

Other than the paragraphs identified in Sec. I above wherein Plaintiffs allege that Long received social media activity (*upon information and belief*), coordinated with other members of MCAO (*upon information and belief*), knew of a plan, and provided investigatory assistance, there are no other specific allegations that Long acted to violate Plaintiffs' Constitutional rights. (Doc. 329 ¶¶ 350, 379, 551, 649, 684, 706(a)) Plaintiffs simply lump Long into "Individual MCAO Defendants" (Doc. 329 ¶¶ 254, 255, 256, 269, 270, 271, 426, 473, 683, 691, 692, 693, 706, 709, 715, 725, 731, 732, 733, 735, 736, 737,

738, 739, 741, 745, 778, 780, 782, 784, 786, 787, 799, 811, 817, 828, 840, 846) or "MCAO Supervisory Defendants" (Doc. 329 ¶¶ 695, 698, 699, 700) without identifying specific facts or actions pertaining to Long or his supposed subordinates. Rather, Plaintiffs simply allege general conduct against these defendant groupings as a whole; this is insufficient to state a claim against Long. *See Trotter v. Penzone,* No. CV-20-01338-PHX-MTL (JZB), 2020 WL 5439532, at * 3 (D. Ariz. Sep. 10, 2020) (dismissing plaintiff's claims because they were impermissibly "premised on undifferentiated allegations against a group of individuals") (citing *Marcilis v. Twp. Of Redford,* 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of complaint that referred to all defendants generally and categorically because the plaintiff failed to allege, with specificity, facts that demonstrate what each defendant did to violate the asserted constitutional right)). The Court in *Trotter* held that it cannot "impose liability against an entire category of employees based on the conduct of a few unidentified staff members. In order to state a claim, Plaintiff must name each individual staff member as a Defendant and make it clear how each individual violated his rights." *Trotter,* 2020 WL 5439532 at * 3 (emphasis added). In this case, Plaintiffs have impermissibly lumped Long into the "Individual MCAO Defendants" and "MCAO Supervisory Defendants" without identifying what conduct Long performed to violate any of the Plaintiffs' rights.

Moreover, there are no allegations that Long had any direct involvement in the alleged unconstitutional conduct. *See Iqbal,* 556 U.S. at 663. The basis for including Long is simply that he was *upon information and belief* provided social media activity by the Homeland Defense Bureau ("HDB"), *upon information and belief* coordinated with other members of MCAO, and provided investigatory assistance—all actions typical of MCAO

1    employees (supervisory and non-supervisory alike). (Doc. 329 ¶¶ 350, 379, 551, 649, 684,

2    706(a)) This Court has already opined that facts alleged upon information and belief as to

3    Kurtenbach were improper (Doc. 414 at 36:18-22; 40:15-23; 44:12-15), and its analysis is

4    applicable to Long. None of these specific allegations against Long are sufficient for the

5    Court to find it plausible that Long was involved in: (1) any arrest of any Plaintiff; (2) any

6    decision to charge any Plaintiff with a crime; (3) any decision to prosecute any Plaintiff for

7    any crime; (4) the supervision any MCAO employee[5] who was involved in the arrest of any

8    Plaintiff; (5) any agreement with any other person or persons to arrest, charge, or prosecute

9    any Plaintiff in violation of their rights; or (6) performance of any action in furtherance of

10   any such agreement. As discussed *infra,* the TAC fails to state a claim against Long under 42

11   U.S.C. § 1983.

            ii.    <u>The Facts Alleged Against Long are Not Sufficient</u>

12

13           Long is only included in counts 2, 4, 7, and 8 of the TAC—all based upon 48 U.S.C. §

14   1983. The specific facts alleged against Long are not sufficient to sustain those causes of

15   action. To prevail in a § 1983 claim, each plaintiff must plead <u>acts by Long</u> that: (1) were

16   taken under color of state law; (2) deprived each of the Plaintiffs of federal rights, privileges

17   or immunities; and, (3) caused each Plaintiff damage. *Thornton v. City of St. Helens*, 425

18   F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish &*

19   *Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). Moreover, each Plaintiff must allege

20   that s/he suffered a specific injury as a result of the conduct of Long and an affirmative link

21   between the injury and Long's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

22   ───────────────

[5] Again, the TAC does not identify a single MCAO employee that Long supervised.

1    As explained *infra,* Plaintiffs are only able to show that Long acted under color of state law.

2    The TAC does not meet elements 2 and 3 of *Thornton* and a judgment in Long's favor is

3    warranted.

4        b.   <u>Claim Two Lacks Specificity as to Long</u>

5        To establish a § 1983 First Amendment claim, each Plaintiff must allege: (1) they

6    engaged in constitutionally protected activity; (2) as a result of their constitutionally

7    protected activity they were subject to adverse action that would chill a person of ordinary

8    firmness from continuing to engage in the activity; and, (3) there was a substantial causal

9    relationship between the constitutionally protected activity and the adverse action. *Bollfrass*

10   *v. City of Phx.*, NO. CV-19-04014-PHX-MTL, 2020 WL 3440289, at *8 (D.Ariz. June 23,

11   2020) (citing *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010)). There must be an

12   actual link between the adverse action and an overt act of Long—*i.e.*, Long must have

13   caused the adverse action. *See Waln*, 522 F.Supp.3d at 585.

14       The only specific allegations against Long in Claim Two are made *upon information*

15   *and belief* and allege that he, along with others, "engaged in investigatory activities, working

16   with PPD to identify specific BLM leaders for arrest;" and "helped guide PPD officers in

17   their investigations of the targeted protestors." (Doc. 329 ¶¶ 684, 687) The remainder of the

18   allegations lump Long in with the "Individual MCAO Defendants" category of defendants

19   and fail to identify any specific conduct Long took against any specific Plaintiff on any

20   specific date. These allegations are too conclusory and fail to meet the *Iqbal/Twombly*

21   pleading standards. *See Talk Radio Network Ent's,* 271 F.Supp.3d at 1207; *Marcilis,* 693

22   F.3d at 596. As this Court noted in dismissing Claim Two against Defendant Kurtenbach,

1    when the only paragraph mentioning Kurtenbach to support Claim Two was plead on

2    "information and belief," it failed to satisfy the federal pleading standards. (Doc. 414 at

3    36:16-37:3) Similarly, Claim Two must be resolved in Long's favor.

4          *c.*   <u>*Claim Four Lacks Specificity as to Long*</u>

5          Claim Four is a malicious prosecution claim against specified PPD defendants and all

6    Individual MCAO defendants. To establish a malicious prosecution claim, Plaintiffs "must

7    show that the defendants prosecuted [them] with malice and without probable cause, and that

8    they did so for the purpose of denying [them] equal protection or another specific

9    constitutional right." (Doc. 414 at 41:20-23) (quoting *Freeman v. City of Santa Ana,* 68 F.3d

10   1180, 1189 (9th Cir. 1995)). Long's name does not appear once in Plaintiffs' Fourth Claim

11   for Relief. Rather, he is lumped in to the "Individual MCAO Defendants" grouping of

12   defendants. As explained *supra,* that is not sufficient to state a claim against Long. *Marcilis,*

13   693 F.3d at 596. Therefore, just as the Court did for Defendant Kurtenbach (Doc. 414 at

14   44:12-15), Claim Four must also be dismissed as to Long.

15         *d.*   <u>*Claim Seven Should be Dismissed as to Long Pursuant to Law of the Case*</u>

16         This Court previously ruled that the Plaintiffs failed to state a claim in Claim Seven

17   against Defendants Adel and Vick in the TAC because Plaintiffs failed to allege that

18   "Defendants Adel and Vick fabricated evidence or ordered the fabrication of evidence, such

19   that they are individually liable, and the supervisory allegations are too vague and conclusory

20   to state a claim." (Doc. 414 at 49:22-25) This analysis and ruling is the law of the case

21   (*Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993)) and should be applied to Long.

22   ///

1   The paragraphs identified by Plaintiffs as containing "non-conclusory allegations that

2   Adel and Vick knowingly authorized, acquiesced in, and ratified Plaintiffs' prosecutions

3   based upon fabricated evidence" (Doc. 414 at 48:24-49:2) apply equally to Defendant Long.

4   As explained *supra,* Long was lumped in to the "Individual MCAO Defendants" category

5   and all of Claim Seven's paragraphs pertaining to Long do not actually state that Long

6   fabricated evidence or ordered the fabrication of evidence creating individual liability as to

7   Long. Additionally, all of the paragraphs alleging supervisory allegations against Long are

8   vague and conclusory and do not state a claim. Therefore, Claim Seven should be dismissed

9   as to Long.

10        e.   <u>Count Eight Fails for Failure to Plead a Constitutional Violation Against Long</u>

11   This Court explained in its May 20, 2024 ruling that, in order to succeed on a § 1983

12   conspiracy claim, the Plaintiffs must prevail on an underlying constitutional violation. (Doc.

13   414 at 52:12-13) Long is similarly situated to Defendant Kurtenbach in that Plaintiffs have

14   failed to state any constitutional claims against Long. Therefore, the Court should dismiss

15   Claim Eight as to Long. *See Lacey v. Maricopa Cnty.,* 693 F.3d 896, 935 (9th Cir. 2012) (en

16   banc).

17        f.   <u>Plaintiffs' Claim of Supervisory Liability Against Long Cannot Stand</u>

18   State officials are not vicariously liable for the deprivation of constitutional rights by

19   employees. *Monell v. Dep't of Soc. Serv. of the City of New York,* 436 U.S. 658, 694 (1978).

20   Plaintiffs "must plead that each Government-official defendant, <u>through his own individual</u>

21   <u>actions</u>, has violated the Constitution." *Iqbal,* 556 U.S. at 663 (emphasis added). To succeed

22   on a cause of action against Long premised on the acts of other employees, Plaintiffs must

13

show that Long's failure to train amounts to deliberate indifference to the rights of Plaintiffs. Alternatively, they could plead that Long acted in a way that was deliberately indifferent to the need to train subordinates <u>and</u> the lack of training actually caused the constitutional harm. *City of Canton v. Harris,* 489 U.S. 378, 388 (1989); *Connick v. Thompson,* 563 U.S. 51, 58 (2011). Plaintiffs must allege facts to show Long "disregarded then known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights." *Connick,* 563 U.S. at 51 (internal quotation marks omitted). Plaintiffs fail to allege that Long acted to "undertake a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group." *Iqbal,* 556 U.S. at 663 (quoting *Personnel Administrator of Mass. v. Feeney,* 442 U.S. 256, 279 (1979) (internal quotations omitted)). In 42 U.S.C. § 1983 actions, supervisors are only responsible for their own misconduct. *Iqbal,* 556 U.S. at 677. The Supreme Court in *Iqbal* rejected the notion that a supervisor is responsible for his subordinate's actions merely because he has knowledge of it. *Id.* at 677.

Plaintiffs alleged no facts to support a supervisory liability claim against Long. Rather, Plaintiffs make conclusory allegations that the "Supervisory Defendants were aware that subordinates were targeting, arresting, and prosecuting people for exercising their First Amendment rights." (Doc. 329 ¶ 697) This plainly violates *Iqbal*. Plaintiffs failed to identify any individual supervised by Long who targeted, arrested, or prosecuted any Plaintiff. Plaintiffs merely allege Long was the "Investigations Division Chief" but failed to identify what, if anything, the "Investigations Division Chief" does for MCAO. (Doc. 329 ¶ 295) Plaintiffs allege no facts to support that any of Long's unidentified subordinates targeted,

arrested, or prosecuted people solely for exercising their First Amendment rights. Succinctly, Plaintiffs allegations fail to meet the *Iqbal/Twombly* pleading standards and their claims against Long should be dismissed.

Plaintiffs additionally appear to attempt to place liability on Long through a theory of ratification. (Doc. 329 ¶¶ 19, 28, 37, 46, 56, 66, 75, 84, 93, 105, 115, 124, 133, 142, 163, 172, 181, 196, 205, 214, 224, 233, 237, 242) Ratification is a theory of liability for a *Monell* claim wherein Plaintiffs must show that "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Price v. Sery,* 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City & Cnty. of S.F.,* 308 F.3d 968, 984-85 (9th Cir. 2002)). Ratification requires more than mere acquiescence; it requires policymakers to make a deliberate choice to endorse the actions of subordinates. *Segura v. City of La Mesa,* 647 F.Supp.3d 926, 939 (S.D. Cal. 2022) (citing *Sheehan v. City & Cnty. of S.F.,* 743 F.3d 1211, 1231 (9th Cir. 2014)). Plaintiffs have not pled that Long is a policymaker for MCAO and their allegations regarding ratification are too conclusory to adequately plead a *Monell* ratification claim against Long, especially since they failed to identify any subordinate at all, much less one whose conduct Long ratified. *See Id.*

**III.    <u>Conclusion</u>**

Plaintiffs failed to state a claim for relief against Long. Plaintiffs have no claims against Long and, instead, use lazy and improper pleading to attempt to sweep Long into groupings of other defendants. The allegations against Long are just as conclusory and tenuous as the allegations against Defendant Kurtenbach. Just like Kurtenbach, the Plaintiffs failed to identify any individual he supervised, lumped him into groupings of Defendants

15

without identifying any specific conduct engaged in by Long, and pled on "information and belief" as to the allegations against Long. Moreover, law of the case requires the Court to dismiss Claim Seven against Long because he is grouped with Defendants Vick and Adel under the same paragraphs the Court already ruled are impermissibly vague and conclusory. Under Fed.R.Civ.P. 12(c) Long is entitled to judgment on the pleadings in his favor, and the TAC should be dismissed against Long with prejudice.

WHEREFORE, Long respectfully requests that the Court dismiss the TAC (Doc. 329) against Long with prejudice, and any further orders the Court deems just and equitable.

DATED this 6th day of August, 2024.

**RYAN RAPP PACHECO SORENSEN, PLC**
By: <u>Christopher T. Rapp</u>
     Christopher T. Rapp, Esq.
     Andrew C. Pacheco, Esq.
     Lesli M. H. Sorensen, Esq.
     *Attorneys for Defendant William Long*

### <u>Certificate of Service</u>

I hereby certify that on August 6, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

By: <u>/s/ Jennifer Zook</u>